**Joshua M. O'Hare**
**Bar No. 10927**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**P.O. Box 10**
**Meridian, ID 83680**
**Phone: (208) 888-9111**
**FAX: (208) 888-5130**
*johare@foleyfreeman.com*

**Attorney for Debtor**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In re:**<br><br>**JOYCE ELAINE SORAN,**<br><br>                 **Debtor.** | Case No. 20-01033-NGH<br><br>Chapter 7<br><br>**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT** |

COMES NOW, the Debtor, Joyce Elaine Soran, by and through her counsel of record, Joshua M. O'Hare of Foley Freeman, PLLC, and hereby responds to Trustee's Objection to Motion to Convert, (Dkt No. 35) as follows:

### STATEMENT OF FACTS

1. Debtor is a licensed massage therapist who owns her own business.

2. On March 25, 2020, the Governor of Idaho issued a stay-at-home order in response to the COVID-19 pandemic that was disrupting business across the country.

3. Debtor, as a massage therapist, was impacted greatly by the stay-at-home order as she was not deemed essential.

4. Even after the order was lifted, Debtor had a difficult time finding clients because of the concern of spreading the virus.

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 1**

5. This caused a large downturn in Debtor's income and forced her to file bankruptcy on December 4, 2020.

6. When Debtor filed her petition for relief, her house did not appear to have enough equity to justify a sale in a Chapter 7 bankruptcy.

7. After the Debtor filed bankruptcy, the value of real estate in the Treasure Valley, and throughout the country, increased greatly.

8. Trustee filed an Application to Employ Jeanette S. Kurtz on January 15, 2021, which was later withdrawn two months later on March 16, 2021.

9. Trustee then did not seek to employ another realtor until March 26, and the Order granting employment was only entered on May 4, 2021.

10. Since filing her petition, Debtor has seen a substantial increase in income and believes that her income will continue increasing as the restrictions related to the pandemic are lifted and as the vaccine is made more readily available.

## DISCUSSION

This Court should grant Debtor's Motion to Convert this case because this case has not been previously converted, Debtor has a right to convert her case because she has not acted in bad faith, and Debtor is eligible to be a debtor under Chapter 13.

11 U.S.C. 706 states that "[t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." Debtors have a right to convert a Chapter 7 bankruptcy into a Chapter 13 if they so desire, as long as it has not been converted previously. Debtor filed her Chapter 7 petition on December 3, 2020, and this case was not converted from a Chapter 13. Therefore, pursuant to § 706 Trustee's objection should be overruled and Debtor's motion to convert should be granted.

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 2**

Though the Debtor has a right to convert her case, the Supreme Court has stated that this right is not absolute. *Marrama v. Citizens Bank* resolved a circuit split in 2007 in which some circuits held that the right to convert was absolute while others made certain carveouts to that right. 549 U.S. 365 (2007).

In *Marrama*, the debtor filed a Chapter 7 petition that contained several misrepresentations with the Court focusing on two: that he was the beneficiary of a trust that had no value and that he had not made any significant transfers within a year prior to the filing of his petition. *Id.* at 368. In fact, the trust held his largest asset, his home, and he had transferred the home into that trust for no consideration seven months prior to filing for bankruptcy. *Id.* The debtor even admitted that the purpose of the transfer was to shield the home from creditors. *Id.* The debtor filed a motion to convert his Chapter 7 case to a Chapter 13 after discovering that the trustee intended to sell the home. *Id.* at 368-69. The trustee objected to the conversion on the grounds of bad faith indicating that the debtor had attempted to conceal the property, among other things.[1] *Id.* at 369.

After appeals to the First Circuit BAP and Court of Appeals, the United States Supreme Court granted certiorari to resolve whether a debtor who acts in bad faith prior to, or in the course of, filing a petition for bankruptcy relief forfeits his right to obtain relief under another chapter. *Id.* at 371. The BAP stated that right to convert a case from chapter 7 to chapter 13 "is absolute only in the absence of extreme circumstances," *Id.* at 370 (citing *In re Marrama,* 313 B.R. 525, 531 (2004)), and the Supreme Court agreed. The Court affirmed the lower court rulings, stating that bad faith can preclude a debtor from converting his case, but that there is a class of honest but unfortunate debtors **that do possess an absolute right** to convert a case because they

---

[1] The trustee's objection also noted that the debtor claimed a homestead exemption on the but testified at the 341 meeting that he did not reside there and was receiving rental income, Additionally, the debtor stated at the 341 meeting that he was not owed money when in fact he was aware that he was receiving over $8,000 from the IRS. *Marrama v. Citizens Bank*, 549 U.S. 365, 369 n.3 (2007).

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 3**

have not committed fraudulent acts or acted in bad faith. *Id.* at 374.[2]

Here, Debtor has not acted in bad faith nor made any fraudulent statements. Trustee cannot point to any indications of fraud or bad faith in the filings or at the meeting of creditors. When Debtor filed her petition, there was insufficient equity in her home to pay for the cost of sale. In the six months that have transpired since the filing, her home, along with thousands of others throughout the Treasure Valley, has seen an incredible increase in value that was not foreseeable. Though admittedly the house has increased in value, Trustee's valuation of the home is based on nothing more than a "drive-by" estimate as his realtor has not conducted an official appraisal of the home. This is not enough to demonstrate the proper value of the home. This sudden increase in value is not an example of the Debtor acting in bad faith. Nor is it an extreme circumstance that justifies revoking Debtor's right to convert her Chapter 7 case to a Chapter 13, pursuant to *Marrama*. ("[the] right to convert a case from Chapter 7 to Chapter 13 that 'is absolute only in the absence of extreme circumstances.'" *Id.* at 370.). Therefore, Debtor has the right to convert her case because there can be no showing of bad faith.

Trustee's Objection seeks to apply § 1325 to the current Chapter 7 proceeding. In fact, Trustee requests a full evidentiary hearing on confirmation of a Chapter 13 plan that has yet to be filed, and isn't required, in a Chapter 7 case. The code section and confirmation hearing that Trustee seeks to apply are inapplicable to this case because they are exclusively intended for Chapter 13 proceedings. Section § 103(j) states that Chapter 13 of Title 11, meaning U.S.C. §§ 1301 through 1330, apply only in a case under Chapter 13. Section 1321 directs debtors under Chapter 13 to file a plan and § 1324 authorizes the bankruptcy court to hold a confirmation hearing on that plan. Nothing within Chapter 7 of the Code mandates these requirements. "When

---

[2] "The class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year". *Marrama v. Citizens Bank*, 549 U.S. 365, 374 (2007).

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 4**

a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway." *Harris v. Viegelahn*, 135 S. Ct. 1829, 1838 (2015). The present case was not filed under Chapter 13 and, because of Trustee's objection, has not yet been converted to a case under that Chapter. Therefore, the Code and Supreme Court prevent Trustee from forcing Debtor to meet requirements of a different code section that are not particular to Chapter 7. Accordingly, Trustee's request for an evidentiary hearing and filing of a repayment plan should be denied.

As demonstrated in the schedules attached as **Exhibit A**, Debtor has been able to reduce her expenses, her income has increased substantially, and her income will likely continue to increase as COVID-19 restrictions are relaxed. The schedules demonstrate that Debtor has sufficient income to make chapter 13 payments that will garner a great benefit to creditors. Thus, as an individual with debt under the limits and a regular income, Debtor is eligible to file under Chapter 13. Allowing this conversion serves the dual purposes of bankruptcy because it will provide creditors with fair payments on their debt, and it will provide Debtor a chance at a fresh start. Therefore, Debtor respectfully requests that this Court overrule Trustee's objection and grant Debtor's Motion to Convert.

## CONCLUSION

The Debtor has a right to convert her case because this case has not been converted previously, she has not acted in bad faith or made any misrepresentations, and she is eligible to be a debtor under Chapter 13 of the Code. For these reasons, Debtor respectfully requests that this Court overrule the Trustee's Objection and Grant the Debtor's Motion to Convert.

DATED this 1st day of June, 2021.

                                                               FOLEY FREEMAN, PLLC

                                                              /s/ Joshua M. O'Hare
                                                              Attorney for Debtor

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 5**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of June, 2021, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>Washington Group Central Plaza<br>720 Park Blvd., Ste. 220<br>Boise, ID 83712 | _X_ | CM/ECF Notice |
| Timothy R. Kurtz<br>Chapter 7 Trustee<br>PO BOX 956<br>Boise, ID 83702 | _X_ | CM/ECF Notice |
| David M. Swartley<br>Lance E. Olsen<br>McCarthy & Holthus, LLP<br>702 W. Idaho St., Suite 1100<br>Boise, ID 83702 | _X_ | CM/ECF Notice |
| Nationstar Mortgage LLC<br>d/b/a Mr. Cooper<br>PO Box 619096<br>Dallas, TX 75261-9741 | _X_ | U.S. Mail |
| McCarthy & Holthus, LLP<br>702 W. Idaho St., Suite 1100<br>Boise, ID 83702 | _X_ | U.S. Mail |

　　　　　　　　　　　　　　　　　　　　/s/ Joshua M. O'Hare
　　　　　　　　　　　　　　　　　　　　Joshua M. O'Hare

**RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO COVERT - 6**

Fill in this information to identify your case:

Debtor 1: Joyce Elaine Soran

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: DISTRICT OF IDAHO

Case number (If known): 20-01033

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
   | Occupation | Massage Therapist | |
   | Employer's name | Heal'thy Body Massage | |
   | Employer's address | 1755 N. Westgate Plaza, Ste 132<br>Boise, ID 83704 | |
   | How long employed there? | 15 years | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 1,324.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 1,324.00 | $ N/A |

Official Form 106I                     Schedule I: Your Income                     page 1

EXHIBIT A

| Debtor 1 | Joyce Elaine Soran | Case number (*if known*) | 20-01033 |
|---|---|---|---|

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
|  | Copy line 4 here | 4. | $ 1,324.00 | $ N/A |
| 5. | List all payroll deductions: |  |  |  |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ N/A |
| 5e. | Insurance | 5e. $ | 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. $ | 0.00 | $ N/A |
| 5g. | Union dues | 5g. $ | 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ $ | 0.00 + | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ | 0.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. $ | 1,324.00 | $ N/A |
| 8. | List all other income regularly received: |  |  |  |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ | 0.00 | $ N/A |
| 8b. | Interest and dividends | 8b. $ | 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ | 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. $ | 0.00 | $ N/A |
| 8e. | Social Security | 8e. $ | 913.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. $ | 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. $ | 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: Ex-Husband (helping Debtor) | 8h.+ $ | 1,000.00 + | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ | 1,913.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ | 3,237.00 + $ N/A = | $ 3,237.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
   Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
   Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
   Specify:   Assistance with Mortgage and Utilities from Daughter & Son          11.  +$  1,327.00

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies.                                                                                  12.  $  4,564.00
    
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☐ No.
    ■ Yes. Explain:  Covid has affected Debtor's business. Debtor is a massage therapist and income varies from month to month. Debtor's ex-husband assistance will be ending soon.

Official Form 106I                              Schedule I: Your Income                                            page 2

**Fill in this information to identify your case:**

Debtor 1: Joyce Elaine Soran

Debtor 2 (Spouse, if filing): 

United States Bankruptcy Court for the: DISTRICT OF IDAHO

Case number (If known): 20-01033

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____ MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☐ No

   Do not list Debtor 1 and Debtor 2.   ■ Yes.   Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | | ☐ No  ■ Yes |
   | Son in Law | | ☐ No  ■ Yes |
   | Grandchild | | ☐ No  ■ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☐ No
   ■ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ 1,517.00

   If not included in line 4:

   4a. Real estate taxes                                    4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance         4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses        4c. $ 150.00
   4d. Homeowner's association or condominium dues          4d. $ 0.00

5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ 0.00

Official Form 106J                              Schedule J: Your Expenses                              page 1

| Debtor 1 | Joyce Elaine Soran | Case number (if known) | 20-01033 |
|---|---|---|---|

6. **Utilities:**
   6a.  Electricity, heat, natural gas     6a. $ **260.00**
   6b.  Water, sewer, garbage collection     6b. $ **157.00**
   6c.  Telephone, cell phone, Internet, satellite, and cable services     6c. $ **151.00**
   6d.  Other. Specify: **Amazon Prime**     6d. $ **14.00**

7. **Food and housekeeping supplies**     7. $ **300.00**
8. **Childcare and children's education costs**     8. $ **0.00**
9. **Clothing, laundry, and dry cleaning**     9. $ **40.00**
10. **Personal care products and services**     10. $ **40.00**
11. **Medical and dental expenses**     11. $ **70.00**
12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.     12. $ **160.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**     13. $ **50.00**
14. **Charitable contributions and religious donations**     14. $ **0.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.
   15a.  Life insurance     15a. $ **32.00**
   15b.  Health insurance     15b. $ **6.00**
   15c.  Vehicle insurance     15c. $ **61.00**
   15d.  Other insurance. Specify: **Liability Insurance**     15d. $ **17.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: **Self Emplyment Tax**     16. $ **100.00**

17. **Installment or lease payments:**
   17a.  Car payments for Vehicle 1     17a. $ **0.00**
   17b.  Car payments for Vehicle 2     17b. $ **0.00**
   17c.  Other. Specify:     17c. $ **0.00**
   17d.  Other. Specify:     17d. $ **0.00**

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**     18. $ **0.00**

19. **Other payments you make to support others who do not live with you.**
Specify:     19. $ **0.00**

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
   20a.  Mortgages on other property     20a. $ **0.00**
   20b.  Real estate taxes     20b. $ **0.00**
   20c.  Property, homeowner's, or renter's insurance     20c. $ **0.00**
   20d.  Maintenance, repair, and upkeep expenses     20d. $ **25.00**
   20e.  Homeowner's association or condominium dues     20e. $ **0.00**

21. **Other:** Specify: **Office Rent**     21. +$ **405.00**

22. **Calculate your monthly expenses**
22a. Add lines 4 through 21.     $ **3,555.00**
22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     $
22c. Add line 22a and 22b. The result is your monthly expenses.     $ **3,555.00**

23. **Calculate your monthly net income.**
23a. Copy line 12 *(your combined monthly income)* from Schedule I.     23a. $ **4,564.00**
23b. Copy your monthly expenses from line 22c above.     23b. -$ **3,555.00**

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.     23c. $ **1,009.00**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.      Explain here: