**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID  83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| JOYCE ELAINE SORAN | CASE NO.  20-01033-NGH |

### TRUSTEE'S OBJECTION TO CONFIRMATION

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on 12/03/2020.
2. The 341 (a) Meeting of Creditors held on 09/13/2021.
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to
3. The plan filed 08/10/2021 by the Debtor(s) fails to meet confirmation requirements.
4. The trustee objects to confirmation of the Chapter 13 Plan for the following reasons:
   - ☐ The debtor(s) failed to appear [11 USC 341(a)].
   - ☐ The Chapter 13 Plan unfairly discriminates against a class of general unsecured claims [11 USC 1322(b)(1)].
   - ☒ The debtor(s) plan fails to provide for the following secured debt(s): Plan fails to provide for a small mortgage default of $1764.  It is not required but recommended.
   - ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a).
   - ☐ The post-petition payments to secured creditors are delinquent.
   - ☒ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC 109(e)] to meet the best interest of the creditors requirement.
   - ☐ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
   - ☐ Notice fails to comply with Rule 7004 as to the following creditors:
   - ☐ The proposed Chapter 13 Plan is underfunded.
   - ☐ The trustee objects to the exemption(s) claimed [B.R. 4003(b)]
   - ☒ The following assets are missing from Schedules A/B: Automobile accident which occurred on or about August 3, 2021and potential claim for personal injury

☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith:

☒ The debtor(s) are not entitled to a discharge. A discharge was just granted in the chapter 7 case. Said discharge should be vacated to make debtor eligible to be in this chapter 13 case.

☐ The Statement of Financial Affairs must be amended to include:

☒ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
  ☒ Non-exempt equity $144,000   Plan paying $21,119
  ☐ Must be 100%.
  ☐ Must be 100% with interest.
  ☒ Other: Prior to conversion to chapter 7 the Chapter 7 Trustee received two estimates on Debtor's real estate which valued them between $475,000 and $525,000. The balance on the first mortgage is $200,010.86 and Debtor has properly claimed a homestead exemption of $175,000. The Chapter 7 Trustee estimates that after costs of sale and hypothetical Trustees fees that approximately $86,000 is available for the unsecured creditors. In addition, Debtor now has an interest in a personal injury claim that is property of the estate in a chapter 13 case.

Trustee believes that Debtor could propose a plan to sell or refinance her real property in a reasonable period of time (18 – 20 months after she demonstrates a year of on time payments in her chapter 13 plan) such that she can pay her creditors their allowed claims.

☐ Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.
  ☐ Income higher for:
    ☐ Debtor:
    ☐ Co-debtor:
  ☐ Unreasonable expenses:
  ☐ Proof of expenses required:
  ☐ Tax Refunds should be paid into plan in addition to plan payments.
  ☐ Debtor(s) are contributing to voluntary retirement accounts.
  ☐ Debtor(s) are paying secured claims directly, plan payments will need to increase once the following secured claims have been paid in full.
  ☐ Debtor or co-debtor is unemployed/underemployed, debtor(s) will need to file an amended schedule I if there is a change.
  ☐ Other:

☒ Other confirmation issues: Debtor is not eligible for a chapter 13 case since she received a discharge already and consequently, she has no debts (see *In re Alcantar* 2021 WL 4192680). If Debtor is going to remain in a chapter 13 case, then she must move to vacate the discharge.

5. ☒ Below Median Debtor
    ☐ Excess per I/J =    $*
      Plan payments only   $*
    ☒ Other: No 22c was filed however Trustee will not pursue

6. ☐ Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)iv:
   - ☐ Proof that the debtor(s) filed the last 4 years of tax returns pursuant to 11 USC§1307(e). Trustee is missing tax returns for:
   - ☐ Paycheck stubs or proof of current income– Pursuant to 11 USC 521. Trustee is missing:

7. ☒ The debtor(s) has/have failed to cooperate with the trustee [11 USC 521 (3)] as the following document(s) was/were not provided:
   - ☒ Divorce decree(s) and/or child support order(s).
   - ☐ Amended schedule H listing name and address of any co-debtor(s).
   - ☐ Bank statements from the date of filing and the 90 days prior to filing. Trustee is missing the following statements:
   - ☐ Proof of when any retirement loans will be repaid.
   - ☒ Copy of the Harlon and Vera Baker Trust that was part of legal proceedings in 2020 in which Debtor was a trustee.
   - ☒ Debtor will need to provide ongoing documentation of PI claim from recent auto accident.
   - ☒ Profit and Loss statements from the six months prior to filing and corresponding business bank statements, if applicable.
   - ☒ Business Questionnaire and all necessary attachments.

8. ☒ Attorney's fees:
   - ☐ Plan indicates a Model Retention Agreement case but no such agreement has been filed with the court.
   - ☒ Counsel for the debtor(s) will need to file a detailed fee application with the court for attorney's fees requested in the amount of $6665
   - ☒ Form B2030 is inconsistent with the plan and/or schedules.
   - ☐ Other:

9. X Debtor(s) self-employed: debtor(s) will need to provide periodic business reports to the Trustee's office during the term of the plan.

WHEREFORE, the trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED: September 26, 2021

  /s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 26, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

JOSHUA M O'HARE
**Attorney at Law**
johare@foleyfreeman.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

 Via first class mail, postage prepaid addressed as follows:

 **JOYCE ELAINE SORAN**
 **3700 N. MAYWOOD DRIVE**
 **BOISE, ID 83704**


               **/s/**   Kathleen McCallister
               **Kathleen McCallister, Trustee**